IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTONIO J. LEE,

    Petitioner,

v.    Civil Action No. 3:11CV388

W. PIXLEY,

    Respondent.

## MEMORANDUM OPINION

Antonio J. Lee, a Virginia state inmate proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Lee raises two grounds for relief:

Claim One    Lee received ineffective assistance of counsel when his trial counsel began the trial without proper preparation and subsequently erred in the conduct of the trial.

Claim Two    Lee was denied due process due to a conflict of interest between himself and the judge who denied his state habeas petition.

Respondent has moved to dismiss on the ground that the petition is barred by the one-year statute of limitations governing federal habeas petitions. Lee has responded. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On February 9, 2007, Lee was convicted in the Circuit Court for the City of Portsmouth ("Circuit Court") of one count of possession of cocaine with intent to distribute and one count of possession of a firearm by a convicted felon, and was sentenced to thirteen (13) years imprisonment. (§ 2254 Pet. 1.) Lee appealed. On November 18, 2008, the Supreme Court of Virginia refused Lee's direct appeal. *Lee v. Commonwealth*, No. 080750 at 1 (Va. Nov. 18, 2008).

On November 16, 2009,[1] Lee filed a petition for a writ of habeas corpus in the Circuit Court. The Circuit Court dismissed this petition on September 17, 2010. *Lee v. Johnson*, No. 09-3278, Cir. Ct. R. at 125 (Cir. Ct. Sept. 17, 2010). Lee then appealed to the Supreme Court of Virginia. On March 16, 2011, the Supreme Court of Virginia found "that the appeal was not perfected in the manner provided by law because the appellant failed to file the notice of appeal" and dismissed the petition. (Mem. Supp. § 2254 Pet. Ex. 6 (*Lee v. Johnson*, No. 102469 at 1 (Va. Mar. 16, 2011) (*citing* Va. Sup Ct. R. 5:9(a))).)[2] The Supreme Court subsequently dismissed Lee's Motion for Reconsideration as untimely. *Lee v. Johnson*, No. 102469 at 1 (Va. June 16, 2011). Lee filed the § 2254 Petition on June 6, 2011.[3] (§ 2254 Pet. 10.)

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that Lee's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

---

[1] This is the date that the Circuit Court stamped Lee's petition "received" and the date on which the Circuit Court deemed the petition filed. *Lee v. Johnson*, No. 09-3278, Cir. Ct. R. at 1 (Cir. Ct. filed Sept. 17, 2010).

[2] *"Timeliness.* — No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree, counsel for the appellant files *with the clerk of the trial court* a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel." Va. Sup. Ct. R. 5:9(a) (2008) (emphasis added).

[3] The Court deems the motion filed on the date Lee swears he placed the petition in the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Ninety days after Lee's direct appeal to the Supreme Court of Virginia ended, his judgment became final for purposes of AEDPA. His direct appeal to the Supreme Court of Virginia ended on November 18, 2008. Thus, Lee's conviction became final on Monday, February 16, 2009—the last date to file a petition for a writ of certiorari with the Supreme Court of the United States. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)); *see* Sup. Ct. R. 13.1 (petition for certiorari should be filed within ninety days of entry of judgment by state court of last resort or of the order denying discretionary review).

3

The statute of limitations ran for 272 days before Lee filed his state habeas petition in the Circuit Court on November 16, 2009. This filing tolled the statute of limitations during the period that the petition was pending in the Circuit Court. *See* 28 U.S.C. § 2244(d)(2). The Circuit Court dismissed the petition on September 17, 2010. Thereafter, Lee failed to file a notice of appeal with the Circuit Court as required by Rules of the Supreme Court of Virginia.[4] Va. Sup. Ct. R. 5:9(a). Because a Notice of Appeal was never filed in the Circuit Court, the statute of limitations began running again on September 18, 2010. *Cary v. Virginia*, No. 3:09cv499, 2009 WL 1810009, at *3 n.10 (E.D. Va. June 24, 2009) (citing cases); *Hines v. Johnson*, No. 2:08cv102, 2009 WL 210716, at *2 (E.D. Va. Jan. 28, 2009) (precluding tolling the time between the state's denial of a habeas petition and the ultimately untimely petition for appeal of that decision); *Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (same); *see Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929-30 (E.D. Va. 2000).[5] Accordingly, the statute of limitations ran for an additional 261 days by the time Lee filed his § 2254 petition

---

[4] Lee did file a notice of appeal with the Court of Appeals of Virginia which, by statute, was then transferred to the proper appellate court—the Supreme Court of Virginia. *See* Va. Code Ann. § 8.01-677.1 (West 2010). This saving statute operates only to save a petition that is filed with the wrong *appellate* court. *Id.* ("[N]o appeal which was otherwise properly and timely filed shall be dismissed for want of jurisdiction solely because it was filed in either the Supreme Court or the Court of Appeals and the appellate court in which it was filed thereafter rules that it should have been filed in the other court. In such event, the *appellate* court so ruling shall transfer the appeal to the *appellate* court having appropriate jurisdiction for further proceedings in accordance with the rules of the latter court." (emphasis added)). There is no provision in the Code of Virginia to save a document filed in an *appellate* court which should have been filed in a *trial* court.

[5] Lee asserts that the one-year federal habeas clock should have restarted on March 16, 2011—the day the Supreme Court of Virginia denied his appeal. This assertion is erroneous. When an appeal of a habeas petition is dismissed because it is not perfected in the manner required by Virginia's appellate rules, the federal clock is deemed to have restarted the day after the Circuit Court denied the petition. *Hines*, 2009 WL 210716, at *2 (precluding tolling the time between the state's denial of a habeas petition and the ultimately untimely petition for appeal of that decision); *Christian*, 232 F. Supp. 2d at 607 (same).

on June 6, 2011. Because the statute of limitations ran for a total of 533 days, the petition is barred by the statute of limitations.

### B. Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Lee has not attempted to explain why he should be entitled to equitable tolling. Accordingly, Lee is not entitled to equitable tolling. Because Lee has not demonstrated any meritorious grounds for equitable tolling of the limitation period, or that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)–(D), the petition must be denied as untimely.

### III. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 7) will be GRANTED. Lee's petition for relief under 28 U.S.C. § 2254 will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue

unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Lee is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 10/28/11
Richmond, Virginia